{¶ 18} I struggled with this case because I have serious reservations about the legality of Sergeant Hughes's search of this vehicle. Given the facts of this case, I tend to believe that Sergeant Hughes was conducting a "fishing expedition" when he asked to search the vehicle. The vehicle had absolutely nothing to do with the crimes for which Lawson was being arrested and I cannot easily discern why the officers felt the search was necessary. Lawson was arrested in her apartment for writing bad checks, not for any offense involving her vehicle. Nevertheless, I express no opinion on that issue because I agree that appellant does not have standing to challenge the validity of the search. I write separately to more fully explain my agreement on the standing issue and to express my dissent with paragraphs 12-14 of the majority opinion.
 {¶ 19} When appellant was driving the vehicle, he had a reasonable expectation of privacy and standing to object to a violation of that reasonable expectation. "[T]he driver of an automobile who demonstrates that he has the owner's permission to use the vehicle has a reasonable expectation of privacy in the vehicle and standing to challenge its stop and search." State v.Carter, 69 Ohio St.3d 57, 63, 1994-Ohio-0343. But appellant was no longer driving the vehicle by the time Sergeant Hughes asked to search it. He had returned to the vehicle owner's home, been in an apartment with the vehicle owner, and stayed in the apartment after the vehicle's owner was arrested and taken to the vehicle's vicinity. There is no evidence that appellant maintained lawful possession of the vehicle after leading the police up to the vehicle's owner.
 {¶ 20} I can imagine facts which, if in evidence, would change my opinion in this matter. But those facts are not in evidence and appellant bears the burden of proving those facts.Rawlings v. Kentucky (1980), 448 U.S. 98, 105. Thus, given the facts in evidence and the trial court's conclusions based on those facts, I must concur with the majority's decision to affirm the trial court. The evidence could not be suppressed because appellant did not have standing to challenge the validity of the search.
 {¶ 21} For these reasons, I concur with the majority's conclusion that the appellant did not have standing to challenge the search, but I respectfully dissent from paragraphs 12-14 of the majority's opinion because addressing that issue is unnecessary and I have serious reservations about the majority's conclusions.